CENTRAL NATIONAL BANK OF YONKERS, N. Y., Plaintiff, *v.* SAM RICHMOND and MARION RICHMOND, Defendants.

Supreme Court, Westchester County, September 5, 1940.

*Alexander K. Perlman,* for the plaintiff.

*Abraham Richmond,* for the defendants.

*John T. Cahill, United States Attorney for the Southern District of New York,* for the United States of America.

PATTERSON, J.   The within motion is made by the United States of America to substitute itself as party plaintiff in the above-entitled action, to vacate a prior judgment previously granted in favor of defendants and against the original plaintiff, and for leave to discontinue said action.

The problem raised by the motion is somewhat unusual although the facts are simple.   Plaintiff bank originally commenced an action on the defendants' note.   Said note was insured by the United States through its agent, the Federal Housing Administration, under title 1.   Subsequent to the commencement of the action and pursuant to the demand of plaintiff, the Federal Housing Administration paid to plaintiff the balance due on said note, and at the same time the plaintiff assigned all of its right, title and interest in and to said note to the United States.   Thereafter, defendants moved for summary judgment against the plaintiff and said plaintiff bank defaulted on said motion.   Accordingly, summary judgment was granted dismissing the complaint on the merits.

The United States asserts that the custom in a situation of this kind is for the assignor of an insured note to discontinue an action pending on it after divesting itself of its claim by assignment.   Here, admittedly, plaintiff bank did nothing whatsoever toward termi-

nating the litigation involving the claim which, after the assignment, it no longer had. The United States claims that it had no knowledge or notice of the fact that this action was still pending, nor did it have an opportunity to avoid the dismissal on the merits prior to the time the motion for summary judgment was heard and granted. On the other hand, the affidavit of defendants' attorney in opposition to the motion, sets forth specifically that he personally brought knowledge home to the Federal Housing Administration, the facts relating to the note and the pendency of the action long prior to the time when the motion for summary judgment was made.

There are many things that could have been done to avoid the present situation. The bank might have advised the Federal Housing Administration of the fact that it had done nothing towards obtaining a discontinuance of the action or, at least, of the fact that a motion for summary judgment addressed to the merits had been made by defendants. The Federal government might well have inquired as to the continued pendency of the action relating to the claim assigned to it after the assignment, and either moved within a reasonable time for the substitution of itself as a party plaintiff, or persuaded the original plaintiff to discontinue. The defendants should not have been required to suffer the action against them to remain pending and undetermined and cannot be criticised for bringing on the motion for summary judgment. It appears from the negotiations had by defendants' attorney with the Federal Housing Administration that defendants knew that the plaintiff bank was no longer the real party in interest and that the claim had in fact been assigned. Defendants might have given notice of their motion for summary judgment to the assignee but were not required to do so. They would naturally suppose that the plaintiff bank would notify the agency to whom it had transferred its interest in the note of the motion.

I cannot find any authority for granting the within motion. Section 83 of the Civil Practice Act permits continuance of an action by the original parties thereto despite the transfer of an interest therein pending the litigation. The defendants were entitled to assume under this section that the Central National Bank of Yonkers could properly continue the litigation despite the assignment of its rights to the Federal government. I do not believe that said section 83 permits the substitution of a new party to an action for the original party where the action has been terminated by the entry of a final judgment on the merits. It follows that if the moving party could not be substituted for the original plaintiff after termination of the action by judgment, it has no standing to ask for a vacation of the judgment in the absence of fraud in the entry thereof.

The motion is, therefore, denied.